UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY , | No.  2:13-cv-0693 LKK AC PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges in her first amended complaint that on March 10, 2013 she was directed to leave a library (presumably the California State Library) by "CHP Morgan" because the library's African-American female employee did not like that plaintiff was taking pictures inside of the building.  The next day, the same employee banned plaintiff from charging her electronic device at the library.  In the complaint naming the California State Library and the State of California, plaintiff brings suit for violation of 42 U.S.C. § 1983.  Plaintiff claims that she was discriminated against based upon her national original (her father is Nigerian) and an unspecified physical disability.

Plaintiff's claim against these defendants fails as a matter of law.  The Eleventh Amendment bars suits for damages against a state or state agency unless the state or agency consents to the suit.  See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985), superseded in other respects by Civil Rights Remedies Equalization Amendment of 1986, 42 U.S.C. § 2000d-7; Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53 (1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S. 332, 342 (1979); Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (California entitled to Eleventh Amendment immunity).  Accordingly, these defendants will be dismissed without leave

1 to amend. The court will, however, grant leave to file an amended complaint.

2     If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under § 1983 unless there is some affirmative link between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (9176); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's application to proceed in forma pauperis is granted;

    2. Plaintiff's complaint is dismissed; and

    3 Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result

////

////

////

////

3

1  in a recommendation that this action be dismissed.

2  DATED: June 13, 2013

UNITED STATES MAGISTRATE JUDGE

/mb;levy0693.ifpgrant.lta