UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE LIBRARY ET AL,<br><br>Defendants. | No. 2:13-cv-0693 LKK AC PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, proceeding pro se, filed this action on July 8, 2013 together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21).

    Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

A.    Screening of Plaintiff's Second Amended Complaint

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

This action was initially filed on March 28, 2013 in the United States District Court in the Southern District of New York. See ECF No. 1. In that complaint, plaintiff alleged that on February 21, 2013, African-American female employees at the California State Library contacted a California Highway Patrol officer to remove plaintiff from the library as disruptive because they were "insanely jealous" of plaintiff, an aspiring model and a Nigerian-American.

On April 5, 2013, the case was transferred to this court. Following transfer, plaintiff filed a first amended complaint, which the undersigned dismissed on screening, but granted leave to amend.

Plaintiff has now filed a second amended complaint naming only the California State Library. Plaintiff repeats the allegations in her prior complaints, though she has altered relevant facts. For example, she now alleges that she was removed from the California State Library on March 31, 2013 (three days after initially filing this action in the United States District Court in the Southern District of New York), that two California Highway Police Officers removed her

from the library as disruptive because she was taking pictures of herself, and that "the trauma" of removal caused her to fall sideways, injuring her hips and ankles. She also alleges, inter alia, false imprisonment, defamation, discrimination, and police brutality. Plaintiff seeks damages in the amount of $1,000,000.00.

Initially, it is axiomatic that the allegations in a pleading must predate the filing of the lawsuit. Therefore, dismissal of the second amended complaint is warranted on this ground alone. But plaintiff's pleading must also be dismissed as it seeks damages from a state entity, and the Eleventh Amendment bars federal claims against states for money damages. See Edelman v. Jordan, 415 U.S. 651, 666-67 (1974); Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Therefore plaintiff's second amended complaint must be dismissed. Moreover, for the reasons set forth below, the undersigned will recommend that dismissal be with prejudice.

B.      Vexatious Litigant

1.      Overview of Plaintiff's Court Filings in the Eastern District of California

The instant action is one of six actions filed by plaintiff that is presently pending before the undersigned.[1] As of the date of these findings and recommendations, it is also one of thirteen actions that are pending in this court and one of eighteen actions total filed here since January 2013 under the name "Amanda U. Levy."[2] Plaintiff also files actions under an alternate name,

---

[1] Levy v. American Idol et al., 2:13-cv-0928 KJM AC (filed May 9, 2013); Levy v. Forbes Magazine, 2:13-cv-1017 MCE AC (filed May 22, 2013); Levy v. Subway, 2:13-cv-1109 GEB AC[1] (filed June 3, 2013); Levy v. 24 Hour Fitness Worldwide, Inc., 2:13-cv-1189 MCE AC (filed June 14, 2013); Levy v. Public Storage Corporate, 2:13-cv-1360 TLN AC (filed July 8, 2013).

[2] Levy . Santa Monica Public Library et al., 2:13-cv-1408 JAM KJN (filed July 15, 2013); Levy v. Palm Springs Public Library, 2:13-cv-1412 TLN EFB (filed July 15, 2013; Levy v. Brown, 2:13-cv-1432 JAM CKD (filed July 17, 2013); Levy v. Kiisfm et al., 2:13-cv-0068 GEB DAD (filed January 14, 2013); Levy v. Ryan Seacrest Productions et al., 2:13-cv-0070 KJM KJN (filed January 14, 2013); Levy v. Starbucks, 2:13-cv-0071 MCE DAD (filed January 14, 2013); Levy v. Chase Bank et al., 2:13-cv-0132 KJM GGH (filed January 23, 2013); Levy v. 7-Eleven Store, 2:13-cv-0982 JAM EFB (filed May 17, 2013); Levy v. Famima!!!, 2:13-cv-1015 KJM EFB (filed May 22, 2013); Levy v. Burger King, Inc., 2:13-cv-1019 TLN EFB (filed May 22, 2013); Levy v. Seacrest et al., 2:13-cv-1024 MCE EFB (filed May 22, 2013); Levy v. Subway, 2:13-cv-1269 GEB DAD (filed June 25, 2013).

3

"Amanda U. Ajuluchuku."[3]  To date, plaintiff has filed thirteen actions in this court under the alternate name, making familiar allegations against multiple defendants.[4]

The general gist of plaintiff's allegations is that defendants of varying racial compositions ("Caucasian," "Hispanic," "African-American," "Spanish-American," "Indian," "Irish-American," "Jewish-American," etc.) have discriminated against, retaliated against , mistreated, assaulted, and/or harassed plaintiff for engaging in benign activities (e.g., taking pictures of herself [Levy v. California State Library, 2:13-cv-0693], failing to provide proper identification [Levy v. Public Storage Corp., 2:13-cv-1360]; entering a library with oversized luggage [Levy v. Santa Monica Public Library, 2:13-cv-1408]; notarizing a document [Levy v. Chase Bank et al., 2:13-cv-0132]; sitting on a cardboard box [Levy v. American Idol et al., 2:13-cv-0928]) because of plaintiff's ethnic background ("Nigerian-American"), disability ("recurring deafness and dizziness," brain injury, inability to age), and/or gender (female).  Plaintiff also regularly accuses individuals of poisoning her with arsenic, kidnapping her son, and sexually harassing her.  In each of these actions, plaintiff seeks millions (and sometimes billions or even trillions) of dollars in damages.

Plaintiff regularly asks for commendation because she has been single-handedly "promoting the economy in America and fighting passionately for children in 34 courts since June 2003," Levy v. 24 Hour Fitness WorldWide, Inc., 2:13-cv-01189 MCE AC, Compl. 3, "by

---

[3] Plaintiff has used various versions of her name when filing her lawsuit.  These permutations are created by combining "Amanda," "Ajuluchuku," "Levy," and/or the middle initial "U."  These findings and recommendations apply to plaintiff, no matter what version of her name she uses.

[4] Ajuluchuku v. IRS, 1:05-cv-0475 OWW SMS (filed April 7, 2005); Ajuluchuku v. IRS, 1:05-mc-0021 DLB (filed April 13, 2005);  Ajuluchuku v. Macy's et al., 2:12-cv-1855 GEB DAD (filed July 13, 2012); Ajuluchuku v. State of Maryland, 2:12-cv-01605 JAM DAD (filed June 15, 2012); Ajuluchuku v. Victoria's Secret, 2:12-cv-01606 MCE GGH (filed June 15, 2012); Ajuluchuku v. Google, 2:12-cv-01607 KJM DAD (filed June 15, 2012); Ajuluchuku v. Citibank, 2:12-cv-02172 GEB KJN (filed August 20, 2012); Ajuluchuku v. Chase Bank, 2:12-cv-02173 MCE CKD (filed August 20, 2012); Ajuluchuku v. United Air Lines, 2:12-cv-02203 JAM JFM (filed August 23, 2012); Ajuluchuku v. Apple, Inc., 2:12-cv-02205 MCE EFB (filed August 23, 2012); Ajuluchuku v. Extended Stay, et al, 2:12-cv-02494 GEB EFB (filed October 4, 2012); Ajuluchuku v. Chase Bank, 2:12-cv-02815 GEB KJN (filed 11/16/12); Ajuluchuku v. Baltimore County Police Dep't, 2:12-cv-02816 LKK CKD (filed November 16, 2012).

suing corporations for acts of discrimination on behalf of all children," Levy v. Subway, 2:13-cv-1269 GEB DAD, Compl. ¶ 18.  The Central District of California has noted that plaintiff has even referred to her court filings as a "career."  Ajuluchuku-Levy v. Remx Financial Staffing, 2:09-cv-05161-DSF-SS (C.D. Cal.), ECF No. 5 at 4.

      While this court lacks the time and resources to extensively review each of these cases, a sampling indicates that many of them were dismissed as frivolous and lacking any merit whatsoever.  See, e.g., Ajuluchuku v. IRS, 1:05-cv-475-OWW-SMS, ECF No. 4 (recommending dismissal of plaintiff's claim that the IRS owed her money as "nothing more than a continuation of Plaintiff's frivolous filings"); Ajuluchuku v. Maryland, 2:12-cv-1605-JAM-DAD, ECF No. 10, at 3, n.2 (recommending dismissal of plaintiff's claim that the state of Maryland kidnapped her son and discriminated against her and noting that "this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country") (internal citation omitted); Ajuluchuku v. United Air Lines, 2:12-cv-2203-JAM-JFM, ECF No. 6 (recommending that plaintiff's complaint be dismissed as "clearly baseless"); Ajuluchuku v. Extended Stay, et al., 2:12-cv-2494-GEB-EFB, ECF No. 3 (recommending dismissal of plaintiff's claim that defendants stole her possessions on various grounds, including frivolity).  Undaunted by her past failures, plaintiff continues time after time to file the same frivolous allegations against different (and sometimes the same) defendants.

      2.     <u>Overview of Plaintiff's Filings in Other District Courts</u>

      Plaintiff's filings are not limited to the Eastern District of California.  She has brought literally hundreds of lawsuits in districts across the country against a dizzying array of defendants, accusing them of discrimination, retaliation, harassment, wrongful imprisonment, etc., on account of her ethnic background, disability, and/or gender.  See, e.g., Levy v. 7-Eleven Stores, 3:13-cv-2177 M BK (N.D. Tex); Levy v. Extended Stay America, 3:13-cv-136 RJC DSC (W.D.N.C.); Levy v. 24 Hour Fitness Worldwide, Inc., 13-cv-0892 CW (N.D. Cal.); Ajuluchuku-Levy v. CVS Corp., 08-538S (D.R.I.); Ajuluchuku v. Stacey, 1:07-cv-0069 (M.D.N.C.); and Ajuluchuku v. Zions Bancorporation, 2:05-cv-906 DAK (D. Utah).  See also Ajuluchuku-Levy v. Schleifer, 08-

5

cv-1752 SJF AKT, 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) (noting that as of the date of the order, December 15, 2009, plaintiff had commenced 258 actions in various district courts across the United States).

Plaintiff's filings have become so burdensome that she has been declared a vexatious litigant in at least eight district courts: the Northern District of Texas, see Levy v. 7-Eleven Stores, 3:13-cv-2177 M BK (N.D. Tex.); the Western District of North Carolina, see Levy v. Extended Stay America, 3:13-cv-136 FJC DSC (W.D.N.C.); the Northern District of Georgia, Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232 (N.D. Ga.); the Western District of Kentucky, Ajuluchuku v. YumA Brand, Inc., Ltd., 3:05-cv-826 H (W.D. Ky.); the Central District of California, Ajuluchuku-Levy v. Remx Financial Staffing, 2:09-cv-5161 DSF SS (C.D. Cal.); the Western District of Washington, In re Amanda Uche Ajuluchuku, 3:05-mc-5018 (W.D. Wa.); the District of Massachusetts, Ajuluchuku v. University of Massachusetts-Dartmouth, 1:04-cv-12473 DPW (D. Mass.); and the District of Maryland, Ajuluchuku v. Baltimore County Department of Social Services, 1:05-CV-00399 (D. Md.).

The restrictions imposed by these districts have varied. Both the Northern District of Texas and the Western District of Kentucky have entirely restricted plaintiff from proceeding in forma pauperis in any future action. See Ajuluchuku v. YumA Brand, Inc., Ltd., 3:05-cv-826 H, 2006 WL 1523218, at *3 (W.D. Ky. 2006); Levy v. 7-Eleven Stores, 3:13-cv-2177 M BK, 2013 WL 4017161, at *1 (N.D. Tex. 2013).

The Western District of North Carolina has barred plaintiff from proceeding pro se unless she does the following:

> (i) file a petition with the clerk of the Court requesting to file a pro se action; (ii) include in the petition the following information: an organized list of all of Ms. Ajuluchuku's lawsuits currently pending or previously filed with this District, or any lawsuit against the named defendants filed in any court, including the name and case number of each case and the current status or disposition of the appeal or original proceeding; (iii) file with the clerk of this Court a notarized affidavit, in proper legal form, that recites the issues she seeks to present, including a short description of the legal basis asserted and whether these issue[s] have been raised in any other forum, with citations thereto. In the affidavit, Ms. Ajuluchuku must certify to the best of her knowledge that the legal arguments being

6

> raised are not frivolous or in bad faith, that they are warranted by existing law or a good faith basis argument for the extension, modification, or reversal of existing law, and that she will comply with the local rules of this court.

See Levy v. Extended Stay America, 3:13-cv-136 FJC DSC, 2013 WL 3449252, at *2-3 (W.D.N.C. 2013).

The Northern District of Georgia has gone further, stating "Enough is enough. A federal lawsuit is not a lottery ticket, and this courthouse is not a convenience store." Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *7 (N.D. Ga. Sept. 14, 2006). That court ordered that

> plaintiff be restricted from filing any civil complaints in this court without payment of the full statutory filing fee, in addition to (1) a certification that neither the claims alleged nor the defendant(s) named therein have been the subject of a pending law suit in any federal or state court and (2) a copy of the restraining order entered by the District Judge in this District and a copy of all other restraining orders entered in any district or state court. Further, the Court imposes an addition condition.
>
> The Court also ORDERS that, at the time of filing any civil complaint, plaintiff also post a $10,000 bond to cover the likely award of costs and attorneys' fees to the next defendant victimized by one of plaintiff's frivolous filings. The Clerk of Court is DIRECTED not to accept any civil complaint plaintiff attempts to file that does not comply with the above conditions. The $10,000 bond must be posted simultaneously to plaintiff's filing any civil complaint.

Id., 2006 WL 2661232, at *20.

Finally, other courts have directed plaintiff to obtain leave of court before filing any new actions. The Central District of California has barred plaintiff "from filing any further litigation alleging claims of race, national origin, disability, or other discrimination, without further order of this Court, or by the chief judge of this court." Ajuluchuku-Levy v. Remx Financial Staffing, 2:09-cv-5161 DSF SS (C.D. Cal.), ECF No. 10. Plaintiff was also directed to provide security in the amount of $5,000.00 as to each defendant against whom plaintiff desired to proceed.

In the Western District of Washington, a temporary restraining order was entered precluding plaintiff filing additional law suits in the district "unless and until the Court determined in advance that the claims alleged were not frivolous." See In re Amanda Uche

7

Ajuluchuku, 3:05-mc-5018 (W.D. Wa.), ECF No. 1.

In Massachusetts, it was ordered that:

> If Plaintiff Amanda Ajuluchuku undertakes to file any additional papers in this Court, except those filings in currently pending actions or to effect an appeal from this order, she shall file a written petition seeking leave of Court to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a goodfaith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court.

Ajuluchuku v. University of Massachusetts-Dartmouth, 1:04-cv-12473 DPW (D. Mass. Apr. 29, 2005), ECF No. 17.

The District of Maryland has also directed plaintiff to obtain certification from the court that the complaint is filed in good faith. Ajuluchuku v. Baltimore County Department of Social Services, 1:05-CV-00399 (D. Md. Feb. 15, 2005), ECF No. 4.

3.  Analysis

The court must insure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Actions may not be presented for improper purposes, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Claims must be warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law and must be supported by evidence. Fed. R. Civ. P. 11(b)(2), (3). The court cannot tolerate abuse of the judicial process because it wastes judicial time that could be used for other meritorious claims. De Long v. Hennessey, 912 F.2d 1144, 1148-49 (9th Cir. 1990).

Litigants who abuse the judicial process by repeatedly filing "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are frivolous or solely intended to cause unnecessary delay" are vexatious litigants. Cal. Civ. Proc. Code § 391 (West 2013) (adopted in the Eastern District of California by L.R. 151(b)). District courts are empowered "to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation" under the All Writs Act, 28 U.S.C. § 1651(a). Weissman v. Quail Lodge, Inc., 179

F.3d 1194, 1197 (9th Cir. 1999). These orders may prevent litigants from filing further actions until certain requirements are met, such as obtaining leave of court or filing supporting declarations. Id. Additionally, "the federal district courts have inherent power to require plaintiffs to post security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). The plaintiff may also be required to formally move the court and obtain a court order approving the action before being permitted to continue. Id. The Ninth Circuit has said, however, that restricting access to the court system is an "extraordinary remedy that should be narrowly tailored and rarely used." Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).

The Ninth Circuit has limited the court's ability to impose these restrictions by requiring that four conditions be met: (1) plaintiff must have adequate notice to oppose the order; (2) an adequate record must be provided, listing the pleadings that led to the court's decision a vexatious litigant order was necessary; (3) the court must make substantive findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored. See DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-58 (9th Cir. 2007). The court considers "both the number and content of the filings as indicia" when deciding whether a litigant's claims are frivolous. DeLong, 912 F.2d at 1148 (quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988)).

Both in this court and in courts across the country, plaintiff has demonstrated a long history of abusing the judicial process. Indeed, eight district courts, forced to take note plaintiff's voluminous and frivolous filings, have declared her a vexatious litigant, yet she continues to file cases both in those courts and in others. Recently in this district, plaintiff was "cautioned that future frivolous filings such as this may result in the recommendation that her filings be subject to a pre-filing review order." Levy v. Starbucks Corp., 2:13-cv-0071 MCE DAD, 2013 WL 3333003 (E.D. Cal. July 1, 2013). Since being issued that warning at the beginning of July 2013, plaintiff has filed four more lawsuits in this district, one of which was transferred to the Central District of California for improper venue, Levy v. Brown et al., 2:13-cv-1432 JAM CKD; two of

which have pending findings and recommendations recommending dismissal without leave to amend for failure to state a claim, Levy v. Palm Springs Library, 2:13-cv-1412 TLN EFB, and Levy v. Santa Monica Public Library et al., 2:13-cv-1408 JAM KJN; and one of which is pending before the undersigned, Levy v. Public Storage Corporate, 2:13-cv-1360 TLN AC.

Plaintiff has caused immeasurable strain on the court system in general and this overly-burdened court in particular.[5] She has already demonstrated unwillingness to abide by court orders and to curtail her filings to only those that have merit. While cognizant that restricting access to the court system is an "extraordinary remedy that should be narrowly tailored and rarely used," Moy, 906 F.2d at 470, the undersigned finds such extraordinary remedies are necessary as to this plaintiff. Having considered the restrictions placed by the other districts courts as to plaintiff, the court further finds that any restriction short of entirely barring her from proceeding in forma pauperis, which she has taken as an invitation to file meritless cases, would only continue to burden this court. As the Northern District of Georgia noted in its vexatious litigant order:

> "Proceeding in forma pauperis is a privilege and not a right." Moore v. Hillman, Nos. 4:06-CV-43; 4:06-CV-45, 2006 WL 1313880, at *3 (W.D. Mich. May 12, 2006) (citing Wilson v. Yaklich, 148 F.3d 596, 603 (6th Cir. 1998). Indeed, "[f]ederal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts." Moore, 2006 WL 1313880, at *4 (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). Here, "[t]he Court's scarce resources are being consumed by Plaintiff's repetitious, frivolous, and meritless filings." Lundahl v. NAR Inc., 434 F. Supp. 2d 855, 860 (D. Idaho 2006).

Ajuluchuku v. Southern New England School of Law, 2006 WL 2661232, at *7. Accordingly, the court finds no alternative than to recommend that plaintiff be declared a vexatious litigant and

---

[5] The Eastern District of California is well-recognized as carrying one of the most heavily weighted caseloads in the country. See U.S. District Courts, Caseload Statistics 2012, Tables C and D, available at http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/FederalJudicialCaseloadStatistics2012.aspx; see also Meyer Mfg. Co. Ltd. v. Telebrands Corp., 2:11-cv-3153 LKK, 2012 WL 1189765 (E.D. Cal. Apr. 9, 2012) (citing the Caseload tables for evidence that the Eastern District of California is more heavily burdened than that of the District of New Jersey, and transferring the case there).

that she be barred from proceeding in forma pauperis in this court.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's application to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice;

2. Plaintiff be declared a vexatious litigant; and

3. Plaintiff be barred from proceeding in forma pauperis in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Plaintiff has an opportunity to oppose by filing objections to these findings and recommendations. Within fourteen days after being served with these findings and recommendations, she may file written objections with the court and serve all parties. Such documents should be titled "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objection shall be served and filed within ten days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See generally Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;levy0693.vex.lit